UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN BAILEY | : | CIVIL NO. 3:00CV2385 (RNC)(DFM) |
| v. | : | |
| DR. SILVIS, ET AL. | : | JUNE 4, 2004 |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION TO "JOIN ADDITIONAL PARTY DEFENDANT"**
**AND FILE SUPPLEMENTAL COMPLAINT**

I.  **FACTS AND BACKGROUND**

The plaintiff, a pro se[1] inmate, commenced this action in December, 2000 claiming that Connecticut Department of Correction personnel failed to provide him with adequate medical care and treatment for a problem with his left knee. Specifically, the plaintiff alleges that in June and July, 2000, he made sick call requests that were ignored; that in August of 2000 he suffered a fall due to his knee condition; and that he was only treated with a knee brace (see Complaint). Now, by motion filed May 13, 2004, the plaintiff apparently seeks to file an amended complaint and also seeks to add an additional defendant, Dr. Edward Blanchette.

II.  **MOTION TO AMEND COMPLAINT**

The plaintiff has not attached his proposed Amended Complaint, therefore, the defendants are unable to articulate their position regarding plaintiff's request. However, should the plaintiff's motion be granted, the defendants would appropriately request the opportunity to

---

[1] Since the filing of this motion, two attorneys have filed appearances for the plaintiff. It is assumed, however, that the plaintiff intends to proceed with this motion.

respond to any legal deficiencies in the new complaint with a dispositive motion such as a motion to dismiss or a motion for summary judgment.[2]

### III.  MOTION TO ADD DR. BLANCHETTE AS A DEFENDANT

The defendants object to plaintiff's request to add Dr. Blanchette as a defendant on the basis that any claims against Dr. Blanchette are futile because they are barred by the statute of limitations. MacKensworth v. SS American Merchant, 28 F.3d 246, 251 (2d Cir. 1994). The cause of action asserted in the plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983, which has a three year statute of limitations. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). Because the plaintiff's cause of action accrued in 2000, the statute of limitations for asserting a claim against Dr. Blanchette has expired. Moreover, while F.R.C.P. 15 allows for an amendment in certain limited circumstances after the statute of limitations has run, the plaintiff cannot satisfy the requirements of Rule 15(c)(3). See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir. 1996). Accordingly, plaintiff's request to add Dr. Blanchette as a defendant must be denied.

---

[2] The defendants have already filed a motion for summary judgment addressed to the plaintiff's initial complaint. This motion was denied by the Court.

                      DEFENDANTS
                      Dr. Silvis, et al.

                      RICHARD BLUMENTHAL
                      ATTORNEY GENERAL

BY:    /s/_____
        Matthew B. Beizer
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct16304
        E-Mail:  matthew.beizer@po.state.ct.us
        Tel.: (860) 808-5450
        Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of June, 2004:

| | |
|---|---|
| James Mahanna, Esq. | Glen Bailey, No. 221640 |
| Mark M. Porto, Esq. | MacDougall-Walker Correctional Institution |
| Day, Berry & Howard LLP | 1153 East Street South |
| CityPlace I | Suffield, CT  06080 |
| Hartford, CT  06103-3499 | |

                      _____/s/_____
                      Matthew B. Beizer
                      Assistant Attorney General