# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN BAILEY, | | : CASE NO. 3:00CV2385 (RNC) |
| | Plaintiff, | : |
| vs. | | : |
| | | : |
| SILVIS, ET AL., | | : |
| | Defendant. | : OCTOBER 29, 2004 |

## MOTION TO AMEND COMPLAINT ON CONSENT

Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiff, Glen Bailey (Bailey) respectfully moves for permission to amend his Civil Rights Complaint, filed December 13, 2000, so as not to limit his claims for punitive and compensatory damages to an amount less than that to which he may be entitled.

Bailey requests that his Civil Rights Complaint, Section G. Request For Relief be amended as follows:

I request the following relief:

**Was:**   In the Sum of $50,000 Each defendant and their Individual and Official Capacity for "punitive damages."

(2) In Compensatory Damages $50,000 Needed; to "Knee Cap" to Be Made Whole aGain, and will take Constant Therapy; Consequently, due to the Fall From the Top Bunk Bed.

**Amendment:** Punitive damages in the amount determined at trial.

(2) Compensatory damages in the amount determined at trial.

Bailey states the following in support of this motion.

1.   On June 30, 2004, this Court entered a Scheduling Order in this matter giving Bailey up to September 30, 2004 to amend the complaint.

2.    On October 1, 2004, this Court granted an extension to the Scheduling Order giving Bailey until October 30, 204 to amend the complaint.

3.    Discovery in this matter is not complete until December 30, 2004

4.    Bailey cannot fully assess the damages to which he may be entitled until all discovery is completed.

4.    Pursuant to the Federal Rules of Civil Procedure, leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion." *Eickhorst v. E.F. Hutton Group, Inc.*, 763 F.Supp. 1196, 1203-04 (S.D.N.Y. 1990), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in [the Second Circuit] has been to allow a party to amend its pleadings in the absence of a showing by the nonmoving party of prejudice or bad faith.").

5.    Defendants' attorney, Matthew Beizer of the Office of the Attorney General, has consented to this request.

-2-

Respectfully submitted,

PLAINTIFF,
GLEN BAILEY


By: _____
      Mark M. Porto (ct#24271)
      James Mahanna (ct#24681)
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100 (phone)
      (860) 275-0343 (fax)
      mmporto@dbh.com
      jmahanna@dbh.com


## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 29th day of October, 2004, by regular, first class mail to all counsel and pro se parties as follows:

Matthew B. Beizer, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105


_____
James Mahanna