IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLEN BAILEY** | ) | Civil Action No. 3:00CV2385 (RNC) (DFM) |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DR. SILVIS, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | DECEMBER 3, 2004 |

**JOINT MOTION TO AMEND THE SCHEDULING ORDER, OR, IN THE
ALTERNATIVE, FOR STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule of Civil Procedure 7(b), Plaintiff, Glen Bailey ("Bailey"), and Defendants, Dr. Silvis, Nurse Cindy, Nurse Russ, Cleveland, CO Dadalt, Elaine Lukas, and Warden Strange (collectively, "Silvis") respectfully move this Court for a modification of the Scheduling Order, or, in the alternative, for a status conference with the Court. This modification is necessary because the parties need additional time to complete discovery and, in turn, Silvis needs time to prepare summary judgment papers.

The parties state the following in support of this motion.

**I.    DISCOVERY.**

1.    Approximately six months ago, on May 21, 2004, this Court appointed Mark Porto and James Mahanna of Day, Berry & Howard, LLP as pro bono counsel for Bailey.

2.    On June 30, 2004 this Court entered a Scheduling Order for the case. (Scheduling Order attached hereto as Exhibit A.) Pursuant to the Scheduling Order, discovery is to be completed on or before December 31, 2004.

3.    On July 14, 2004, Bailey served interrogatories and requests for production on all Defendants. On September 14, 2004, Defendants provided responses to Bailey's interrogatories.

**ORAL ARGUMENT NOT REQUESTED**

4. Due to the regulations followed by the MacDougall-Walker Correctional Institution, the parties agreed it would be most efficient for Bailey's counsel to seek production of Bailey's medical file. Due to the regulations followed by the MacDougall-Walker Correctional Institution, Bailey's counsel did not receive Bailey's medical record, key documentation required to support Bailey's case in chief, until November 10, 2004. (See Exhibit B.) No actual X-ray or MRI pictures were provided in this file.

5. On December 2, 2004, during the deposition of Defendant Elaine Lukas the parties stipulated that X-rays and MRIs, not previously produced, will be available to Bailey by December 9, 2004. In addition, counsel for Bailey learned that a "grievance file" and certain written procedures for the time period relating to the year 2000 also exist, and the parties are working on the production of these documents.

6. The parties have diligently sought to pursue and complete document production in this case, but due to the procedures involved and location of files, this process has taken considerable additional time.

7. The parties have diligently sought to arrange depositions, have started that process, and have several other depositions scheduled for December.

8. Due to the status discovery, it is not likely that any potential medical consultation, together with any potential disclosures and/or depositions, will be completed by the discovery deadline.

9. Based on the foregoing, the parties respectfully request that the discovery deadline be moved to February 28, 2005. This deadline will be applicable to all discovery.

**II.    SUMMARY JUDGMENT.**

1.  On November 29, 2004, this Court ruled on Defendants' Motion for Extension of Time on Consent. (Order attached hereto as Exhibit C.) Pursuant to that ruling, Defendant's Summary Judgment Motion is currently due on or before December 13, 2004. Based on the foregoing request for an extension of the discovery period, the parties request that the deadline for Defendants' Summary Judgment Motion be moved to March 31, 2005, thirty (30) days after the proposed discovery deadline.

2.  The Court's ruling on Defendants' Summary judgment motion does not address the prefiling conference set forth in the Addendum to the Scheduling Order. If a prefiling conference is required, the parties request that the Court schedule such conference at their earliest convenience.

3.  Moreover, even if the current order is to stand, Defendants need to fully analyze the information obtained during the discovery period in order to prepare their Summary Judgment Motion. The parties therefore request that the deadline for Defendants' Summary Judgment Motion be moved to January 31, 2005, 30 days after the current discovery period is complete. Furthermore, the parties request that the Plaintiffs response to Defendants' Summary Judgment motion be moved until 21 days after Defendants serve their Motion.

**III.   OTHER DEADLINES.**

1.  The parties agree to file their joint pretrial memorandum, as required by the Court's Scheduling Order, thirty (30) days after the Court's ruling on the Summary Judgment Motion.

WHEREFORE, the parties respectfully request the Court amend the current Scheduling Order in accordance with the foregoing. In the alternative, the parties respectfully request that a status conference with the Court be scheduled during which these issues may be discussed.

        PLAINTIFF,
        GLEN BAILEY

By: _____
    Mark M. Porto (ct#24271)
    James Mahanna (ct#24681)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100 (phone)
    (860) 275-0343 (fax)
    mmporto@dbh.com
    jmahanna@dbh.com

DEFENDANTS,
DR. SILVIS, NURSE CINDY, NURSE RUSS, CLEVELAND, CO DADALT, ELAINE LUKAS AND WARDEN STRANGE

By: _____
    Matthew B. Beizer, Esq.
    Attorney General's Office
    110 Sherman Street
    Hartford, CT 06105
    (860) 808-5450 (phone)
    (860) 808-5591 (fax)

## **CERTIFICATION**

    THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 3rd day of December, 2004, by regular, first class mail to all counsel and pro se parties as follows:

Matthew B. Beizer, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

                                              _____
                                              James Mahanna